[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM
 STATEMENT OF THE CASE
On May 1, 1998 the plaintiffs purchased a one family residence from the defendants. The property is located at 49 Old Post Road in Clinton.
Prior to the conveyance, the defendant executed a Residential Property Condition Disclosure Report.
In this suit, the plaintiffs allege a series of mis-representations in the Report which they allege they relied upon in executing a sales agreement and in closing title to the property.
A home inspection ordered and paid for by the plaintiffs did not disclose the defects presently complained of, though the inspection report did note signs of a prior problem with respect to the sewage disposal system — a septic tank with leeching fields.
The defendants note that the disclosure report contains language to the effect that the disclosure report is not a substitute for inspection and that representations made by the sellers "shall not constitute a warranty."
In the disclosure report, the seller is advised that he "is obligated to disclose here any knowledge of any problem regarding the following:."
As to sewage and electrical systems and chimney, the seller checked "no."
The court will address each claim separately as the evidence as to each varies.
 I
With respect to the septic system, a former tenant of the defendants testified as to the problems she experienced. She stated that the system had to be pumped out or snaked to clear obstruction every six months. CT Page 5862 Significantly, she told the defendants or one of them of her problems ten or twelve times during her tenancy which covered about five and a half years.
Robert Herbst, a licensed septic tank systems installer and servicer with 30 years of experience, described the results of his examination of the system. He described serious defects which render the system deficient for normal operation, including the fact that the inlet and outlet of the tank are at the same level, creating very slow drainage into the leeching field. The outlet should be lower than the inlet.
This testimony, coupled with that of the plaintiff Robert Peploe, compels the conclusion that the defendants knew or should have known that the sewage system was seriously deficient and this was not readily ascertainable by the plaintiffs. Though the disclosure report is not a warranty, the defendant's negative response as to defects in the system constituted a misrepresentation of a problem they had a duty to disclose to the plaintiffs.
The court accepts the estimate of Mr. Herbst as to the cost of repairing the system and finds the plaintiffs should recover from the defendants on this item the sum of $4,000.00.
The court realizes the plaintiffs may encounter additional problems because the sewage system is located in a wetlands area. However, the court was not presented with evidence as to the impact of the wetlands on this property and the sewage system.
 II
Turning to the alleged deficiencies in the electrical system, the court concludes that, as described, these were substantial and rendered the living room unusable. This was therefore, not such a minor defect as should have been ignored by the defendants and routinely answered in the negative on the disclosure report.
The court finds the plaintiffs are entitled to the cost of these repairs in the amount of $180.20.
 III
As to the cost of chimney repairs claimed by the plaintiffs, there was no evidence of any knowledge of these defects on the part of the defendants.
No prior occupant of the premises testified as to trouble caused by CT Page 5863 the chimney's malfunction, nor was this a situation where the defects were open and obvious or readily identifiable.
As the sellers are not held to have warranted the sufficiency of this system, absent other evidence to support a knowing or negligent misrepresentation, this claim is not allowed.
The key element here is the language of the disclosure report that "the seller is obligated to disclose any knowledge of any problem . . ."
 CONCLUSION
Judgment may enter for the plaintiffs to recover of the defendants the sum of $4,180.20 plus taxable costs.
Because of the fraudulent nature of the failure to disclose the septic tank problems, the plaintiffs are entitled to recover punitive damages on that claim. Therefore, upon the plaintiff's motion, a post judgment hearing will be held to determine an appropriate award. Brower v.Perkins, 135 Conn. 675 (1949). Wedig v. Brewster, 1 Conn. App. 123, 134
(1983).
Anthony V. DeMayo Judge of the Superior Court